**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

M S INTERNATIONAL, INC. an Indiana corporation,

Plaintiff,

vs.

SMC VIRGINIA INC. formerly known as SMC HARDWARE USA INC., d/b/a QUESTONE, a Virginia corporation,

Defendant.

**Case No.: ____________________**

**JURY DEMAND**

# COMPLAINT

Plaintiff M S INTERNATIONAL INC. ("MSI" or "Plaintiff"), for its Complaint against defendant SMC VIRGINIA INC. formerly known as SMC HARDWARE USA INC., d/b/a QUESTONE ("Questone" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION / JURISDICTION AND VENUE

1. This is an action involving claims of trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq., and trademark infringement, unfair competition and false advertising under Virginia law. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338(a) and (b), and 1367.

2. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides in this judicial district, a substantial part of the events, omissions and acts which are the subject matter of this action occurred within this judicial

district, and a substantial part of the property that is the subject of the action is located in this judicial district. Defendant is subject to personal jurisdiction in this district, as it resides and has a regular and established place of business in this district, and is using the infringing mark in this district.

## THE PARTIES

3. MSI is an Indiana corporation having a principal place of business located at 2095 N. Batavia Street, Orange, California.

4. MSI is informed and believes, and thereon alleges, that Defendant is a Virginia corporation with a regular and established place of business in this judicial district located at 14804 Willard Road, Suite E, Chantilly, Virginia 20151. On information and belief, Defendant's corporate name was SMC Hardware USA Inc. until on or about June 9, 2023, at which point Defendant changed its name to SMC Virginia Inc.

## FACTS COMMON TO ALL CLAIMS

### MSI's Business And Q-Related Trademarks

5. MSI has been a leader in the flooring and countertop industries for more than 40 years. MSI has for years used and continues to use various trademarks for its products, including its quartz products.

6. Since at least 2008, MSI has been using its "Q" trademark and other marks that include "Q" (collectively, the "Q-related" trademarks") for quartz. MSI's Q-related trademarks are inherently distinctive, but to the extent any are not inherently distinctive, they have acquired secondary meaning. As a result of MSI's

continuous, extensive and exclusive use of such marks in commerce throughout the United States and MSI's extensive advertising and sales of its quartz products under the marks, customers and those in the trade recognize MSI's Q-related trademarks as signifying MSI as the source of such products, and such marks distinguish MSI's quartz products from the products of others. MSI has protectable common law rights in its marks under the federal Lanham Act and applicable state law.

7. In addition to common law trademark rights in the Q-related marks, MSI has obtained federal registrations for its Q-related marks. On December 27, 2022, the United States Patent and Trademark Office issued Registration Nos. 6,936,680 for the following trademark (A true and correct copy of Registration no. 6,936,680 is attached hereto as **<u>Exhibit A</u>**):

8. On December 27, 2022, the United States Patent and Trademark Office issued Registration No. 6,936,681 for the following trademark (A true and correct copy of Registration no. 6,936,681 is attached hereto as **<u>Exhibit B</u>**):

Premium Natural
QUARTZ
From MSI

9. MSI has obtained additional registrations for its Q-related marks, including Registration No. 6,003,784 for Q+, No. 6,003,786 for QPLUS and No.6,464,860 for Q

STUDIO COLLECTION. (True and correct copies of Registration nos. 6,003,784, 6,003,786 and 6,464,860 are attached hereto as **Exhibits C, D and E**, respectively).

**Questone's Business And Improper Use Of Msi's Mark**

10. QUESTONE sells quartz products in direct competition with MSI. In or around May, 2023, MSI learned that QUESTONE was using "Q" and "QUE" in connection with the sale of quartz products.




11. On May 16, 2023, MSI's counsel sent a letter to QUESTONE informing QUESTONE of MSI's trademark rights and demanding that QUESTONE stop using "Q" or "QUE" in connection with the sale of quartz.

12. On June 8, 2023, Ijlal Shuja, President of QUESTONE responded to counsel for MSI, and indicated that QUESTONE had "dropped the letter Q from all our logos and websites and brochures and product tags as on Monday May 23, 2023." Mr. Shuja also stated that QUESTONE had stopped using "Q" and had "dropped it from all of our material."

13. Unfortunately, it appears QUESTONE did none of the things it said it had done. In or around March, 2024, MSI learned that QUESTONE was using "Q" and "Que" in connection with its quartz business, and was engaging in other

activity to mimic MSI's quartz business in an effort to create confusion and steal business from MSI. In particular, QUESTONE was using a label on its quartz products that was almost identical to MSI's label, which it had created and is protected by copyright law.

14. Images from QUESTONE's website showing its use of "Q" are shown below:




15. Images showing QUESTONE's label next to MSI's label are shown below:







16. On March 26, 2024, counsel for MSI sent a letter to QUESTONE indicating that, despite QUESTONE's representations, it was still infringing MSI's trademarks. Counsel also objected to QUESTONE's use of the almost identical label.

On behalf of MSI, counsel demanded that QUESTONE stop using the label, and stop using "Q" or "Que" including as part of QUESTONE and QUESURFACES.

17. On March 29, 2024, Mr. Shuja responded and stated "[w]e have complied with previously stated requests." Mr. Shuja also stated that the images in counsel's March 26, 2024 letter showing QUESTONE's ongoing uses of Q-related marks were "outdated." These statements were false. Mr. Shuja also stated that QUESTONE would provide a more thorough response "within the next two weeks." However, QUESTONE did not provide a more thorough response, or any further response.

18. MSI's counsel followed up several times over the next few months, but QUESTONE simply ignored these follow-ups. For example, on June 20, 2024, MSI's counsel sent a letter to QUESTONE noting that QUESTONE was still using "Q." Counsel's letter included images of examples from QUESTONE's website in June, 2024, as shown below:



19. QUESTONE did not respond. On July 18, 2024, counsel for MSI sent yet another letter to QUESTONE. In that letter, counsel noted that QUESTONE apparently had not taken any steps to comply with MSI's demands, despite promising that it had done so. MSI's counsel further noted that MSI had learned that QUESTONE was continuing to sell "Que Quartz" and was also using MSI's MSI® and Miraggio Gold™ trademarks in connection with the sale of quartz in a manner that was likely to cause confusion.

20. MSI's July 18, 2024 letter further noted that QUESTONE's website at www.quesurfaces.com still included the use of "Q" and "Que" in violation of MSI's trademark rights.

21. QUESTONE was and is fully aware of MSI and its use if its Q-related and other trademarks in connection with the sale of quartz, including based on the letters and emails to QUESTONE. QUESTONE's use of "Q" and "Que" for its quartz products is an attempt to trade off MSI's reputation and the significant good will MSI has established in its Q products and trademarks. QUESTONE's use of the Q and "Que" mark in connection with quartz is likely to cause confusion in the marketplace, and constitutes trademark infringement and unfair competition under the federal Lanham Act and applicable state law.

22. QUESTONE also is adopting names for particular quartz products that are confusingly similar to MSI's trademarks. For example, QUESTONE is using "Mirano Duo" for a quartz product that looks similar to MSI's Calacatta Miraggio

Duo™ quartz. QUESTONE's use of a similar trademark for a similar product is likely to cause confusion.

## CAUSES OF ACTION

## COUNT I

### (Trademark Infringement – 15 U.S.C. § 1114)

23. MSI realleges each and every allegation set forth above, and incorporates them herein by this reference.

24. Defendant's unauthorized use of MSI's trademarks constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114. Defendant's use of MSI's trademarks is likely to cause confusion, or to cause mistake, or to deceive. In particular, actual or potential customers and others are likely to be confused as to whether Defendant is affiliated with, connected to, or associated with MSI, or whether MSI sponsors or approves Defendant's goods or services.

25. Defendant's acts have caused and will cause significant damage, including MSI's lost sales and Defendant's wrongful profits in an amount to be determined, and irreparable harm to MSI. Moreover, Defendant's conduct has caused and unless enjoined by this Court will continue to cause significant harm to MSI's reputation and goodwill which MSI has established through years of effort and expense, for which irreparable injury MSI has no adequate remedy at law.

26. Defendant's conduct has been willful with full knowledge of MSI's trademark rights. Defendant will continue such willful and intentional conduct unless enjoined by this Court. In light of the willful nature of Defendant's conduct,

this is an "exceptional" case under the Lanham Act, which entitles MSI to its attorneys' fees in this action and enhanced damages.

**COUNT II**

**(False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125)**

27. MSI realleges each and every allegation set forth above, and incorporates them herein by this reference.

28. Defendant's unauthorized use of MSI's trademarks also constitutes false designation of origin and unfair competition in violation of the Lanham Act section 43(a), 15 U.S.C. § 1125(a). Defendant's use of MSI's trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between MSI and Defendant, and as to the origin, sponsorship or approval of Defendant's goods or services. In particular, actual or potential customers and others are likely to be confused as to whether Defendant is affiliated with, connected to, or associated with MSI, or whether MSI sponsors or approves Defendant's goods or services.

29. Defendant's acts have caused and will cause significant damage, including MSI's lost sales and Defendant's wrongful profits in an amount to be determined, and irreparable harm to MSI. Moreover, Defendant's conduct has caused and unless enjoined by this Court will continue to cause significant harm to MSI's reputation and goodwill which MSI has established through years of effort and expense, for which irreparable injury MSI has no adequate remedy at law.

30. Defendant's conduct has been willful with full knowledge of MSI's trademark rights. Defendant will continue such willful and intentional conduct unless enjoined by this Court. In light of the willful nature of Defendant's conduct, this is an "exceptional" case under the Lanham Act, which entitles MSI to its attorneys' fees in this action and enhanced damages.

## COUNT III

**(Common Law Trademark Infringement and Unfair Competition**

31. MSI realleges each and every allegation set forth above, and incorporates them herein by this reference.

32. Defendant has, without consent or authorization from MSI, used in commerce trademarks that are identical and/or confusingly similar to MSI's trademarks identified above in connection with the advertising, sale, and distribution of quartz products. Defendant's acts are likely to cause confusion or to cause mistake or to deceive consumers into thinking that Defendant's products are authorized by, or affiliated, connected, or otherwise associated with MSI.

33. Defendant's actions alleged herein constitute trademark infringement and unfair competition in violation of Virginia common law.

34. Defendant's actions alleged herein have been and are knowing, willful, and intentional. Defendant has earned and will continue to earn profits from its unlawful actions. MSI has been and is likely to be damaged by Defendant's infringing and unlawful conduct. Defendant's actions alleged herein have caused and, unless enjoined by this Court, are likely to continue to cause MSI to suffer irreparable harm,

for which MSI has no adequate remedy at law. Therefore, MSI is entitled to and seeks injunctive relief as a result thereof.

**COUNT IV**

**(False Advertising Under Virginia Code § 18.2-216)**

35. MSI realleges each and every allegation set forth above, and incorporates them herein by this reference.

36. Defendant's use of marks that are identical or confusingly similar to MSI's trademarks constitutes false and misleading claims advertising under § 18.2-216 of the Virginia Code, and are likely to influence purchasing decisions of potential consumers. Defendants' false and misleading claims are widely disseminated such that they constitute advertising and promotion. Defendant's unlawful acts have damaged and will continue to damage the reputation and the goodwill associated with MSI's marks.

37. Defendant's' actions constitute false advertising in violation of VA Code Ann. § 18.2-216 and entitle MSI to damages under VA Code Ann. § 59.1-68.3. Defendant's actions complained of herein have been knowing, willful, and intentional. Defendant has earned and will continue to earn profits from its unlawful actions. Defendant's actions have caused and, unless enjoined by this Court, will continue to cause irreparable harm to MSI, for which MSI has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

## PRAYER FOR RELIEF

WHEREFORE, MSI prays for judgment against Defendant as follows:

1. That Defendant, its members, officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from infringing or otherwise using MSI's trademarks, including the trademarks discussed above, or any confusingly similar marks;

2. That Defendant be required to forthwith deliver to MSI for destruction any and all merchandise or other items in their possession, custody, or control that would otherwise violate the aforesaid injunction;

3. That Defendant be further required to deliver to MSI for destruction any and all boxes, containers, labels, signs, prints, packages, wrappers, advertising, promotional and other material in their possession, custody or control displaying or promoting any merchandise or other items bearing or incorporating MSI's marks or any confusingly similar marks;

4. That Defendant account for all profits realized as a consequence of their unlawful acts of trademark infringement and unfair competition, as alleged herein, and that the amount of profits realized by Defendant by reason of its unlawful acts be trebled, as provided by law pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

5. That MSI be awarded damages in the full amount MSI has sustained as a consequence of Defendant's acts, trebled where provided by law, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

6. That MSI recover from Defendant reasonable attorneys' fees, costs and disbursements in this action pursuant to 15 U.S.C. § 1117 or otherwise;

7. That this case be deemed "exceptional" under the Lanham Act;

8. For damages, lost profits or other monetary amounts that are available under Virginia law;

9. That the Court grant MSI restitution from Defendant by disgorgement of all profits earned through Defendant's conduct;

10. For exemplary or punitive damages;

11. That any monetary award include pre- and post-judgment interest at the highest rate allowed by law;

12. For costs of suit; and

13. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

MSI requests a trial by jury as to all issues triable to a jury.

Dated: January 23, 2025

Respectfully submitted,

*/s/ Jesse R. Binnall*
Jesse R. Binnall, VAB 79292
Parker A. Bowman, VAB 100389

BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
parker@binnall.com

Ronald P. Oines*
CA State Bar No. 145016
Sarah E. Van Buiten*
CA State Bar No. 324665
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone: (714) 641-5100
Facsimile: (714) 546-9035
roines@rutan.com
svanbuiten@rutan.com

*Attorneys for Plaintiff*
*M S INTERNATIONAL, INC.*

** Pro Hac Vice application forthcoming*